UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TODD C. BANK, Individually and on Behalf of All others Similarly Situated, § § § § Plaintiff, § VS. § SPARK ENERGY HOLDINGS, LLC, SPARK § ENERGY, L.P., AND SPARK ENERGY GAS, § LP, § § Defendants. § § | | CIVIL ACTION NO. 4:11-CV-4082 |

**OPINION AND ORDER**

Pending before the Court is Defendants Spark Energy Holdings, LLC, Spark Energy, L.P., and Spark Energy Gas, LP's motion to dismiss Plaintiff Todd C. Bank's ("Bank") original complaint. Doc. 9. Defendants moved to dismiss under Rule 12(b)(6) on the grounds that Texas's choice-of-law analysis requires the application of New York state law which prohibits Plaintiff from bringing a class action suit under the Telephone Consumer Protection Act ("TCPA"). *Id.*

Having considered Defendants' motion, the facts of this case, and the applicable law, the Court finds that Defendants' motion to dismiss should be denied.

Background and Relevant Facts

Plaintiff Bank filed a class action suit against Defendants to obtain damages for claims arising under the TCPA. Doc. 1 at 1-3. As alleged in Plaintiff's original petition, on or about October 4, 2011, Defendants placed a telephone call using an "artificial or prerecorded voice" to Plaintiff's residential telephone line. *Id.* at 3. The call advertised "the commercial availability or

quality of property, goods, or services" with the following message:

> "Hello, this is pertaining to your current electric bill with Con Edison, reference number 42648967. We are now able to offer you a lower rate on your electricity bill through the recent government deregulation. Press five to be transferred to our approval department. To lower your electricity bill and gas bill with Con Edison, press five. Press five now to be transferred. Press three if you are not interested in the discount."

*Id.* Plaintiff further alleges that during the class period, Defendants placed these pre-recorded telephone calls to at least 10,000 residential telephone lines. *Id.*

On November 21, 2011, Plaintiff, a citizen of New York, filed suit in the Southern District of Texas, Houston Division against Defendants, corporate citizens of Texas, for violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2) and seeking statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227 (b)(3)(C). Doc. 1 at 1-3. In that complaint, Plaintiff asserted that this Court had both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(d)(2)(A). *Id.* at 2. On January 25, 2012, Defendants filed a motion to dismiss Plaintiff's original complaint on the grounds that the Court, hearing the case pursuant to its diversity jurisdiction, should apply Texas choice-of-law rules. Doc. 9 at 1. Texas choice-of-law rules would compel the application of New York substantive law in this case and in New York "TCPA claims cannot be maintained as class actions." *Id.*

On January 18, 2012, the Supreme Court in *Mims v. Arrow Fin. Services, LLC* determined that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits" since these claims "plainly 'aris[e] under' the 'laws . . . of the United States.'" *Mims v. Arrow Fin. Services, LLC*, ___ U.S. ___, 132 S. Ct. 740, 747 (2012). *Mims* held that federal "district courts possess federal-question jurisdiction under § 1331" over TCPA claims. *Id.* at 749. On January 27, 2012, Defendants filed a supplementary brief to their motion to dismiss asserting that the recent Supreme Court decision in *Mims* does not affect their analysis

of Plaintiff's pleading and New York law still would apply. Doc. 11. On January 30, 2012, Plaintiff filed a response in opposition to Defendants' motion to dismiss stating that a choice-of-law analysis is inapplicable when the court has federal question jurisdiction. Doc. 12 at 7. Since then the parties have exchanged a number of responses and replies advocating their views of the case. *See* Docs. 13, 17, 19, 20, 21, 22, and 25.

Legal Standards

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Analysis

In his original complaint, Plaintiff asserted that this Court had both federal question

jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(d)(2)(A) to hear his claims against the Defendants. Doc. 1 at 2. Defendants moved to dismiss Plaintiff's claim by asserting that this Court, sitting in diversity, is bound to apply the laws of the forum state in which it sits. Doc. 9 at 6; *See Duhon v. Union Pac. Resources Co.*, 43 F.3d 1011, 1013 (5th Cir. 1995). Texas choice-of-law rules[1] would mandate application of New York substantive law to this action and New York law precludes class actions for suits under the TCPA. *See* N.Y. C.P.L.R. § 901(b) (McKinney 2012); *See Holster v. Gatco, Inc.,* 618 F.3d 214, 217 (2d Cir. 2010).

While Defendants are correct that this Court would apply Texas choice-of-law rules and New York substantive law if it were sitting in diversity, this is not the case here. The Supreme Court in *Mims* ruled that private TCPA claims "plainly 'aris[e] under' the 'laws . . . of the United States" and therefore "district courts possess federal-question jurisdiction under § 1331." *Mims*, 132 S. Ct. at 748-749. "When a federal statute condemns an act as unlawful the extent and nature of the legal consequences of the condemnation, though left by the statute to judicial determination, are nevertheless federal questions, the answers to which are to be derived from the statute and the federal policy which it has adopted." *Burks v. Lasker*, 441 U.S. 471, 476 (1979) (citing *Sola Electric Co. v. Jefferson Co.*, 317 U.S. 173, 176 (1942)). Since this Court has federal question jurisdiction over Plaintiff's claim, it need not conduct a choice-of-law analysis and instead applies federal law to Plaintiff's federal cause of action. Because federal law permits plaintiffs to bring TCPA claims as class action,[2] the Court denies Defendants' motion to dismiss.

---

[1] The Texas Supreme Court adopted the "Restatement's 'most significant relationship' test to decide choice-of-law issues." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000).

[2] *See Am. Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 1:09-CV-1162, 2012 WL 3027953 (W.D. Mich. July 24, 2012); *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 130 S. Ct. 1431, 1439, 176 L. Ed. 2d 311 (2010) (stating that "Rule 23 permits all class actions that meet its requirements, and a State cannot limit that permission"); *Accounting Outsourcing, LLC. v. Verizon Wireless Pers. Communications, L.P.,* 329 F. Supp. 2d 789,

Arrow, the respondent in the Supreme Court, argued that 47 U.S.C. Sec. 227(b)(3)[3] is intended to divest federal courts of authority over TCPA claims, but Justice Ginsburg, writing for a unanimous Court, held that "[n]othing in the permissive language of Action 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 29 U.S.C. Section 1331 jurisdiction over federal claims." *Mims*, 132 S.Ct., at 750. Justice Ginsburg and the Court base their decision on the language of the statute and dismiss Arrow's arguments pointing out the consequences of concurrent federal and state jurisdiction. *Id*. at 751-753. The consequence that a $500 TCPA case can be transformed into a federal question national class action, was probably an unintended consequence of the statutory language, but Congress passed it as written, and the federal courts are left with the consequences.

Conclusion

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Spark Energy Holdings, LLC, Spark Energy, L.P., and Spark Energy Gas, LP's motion to dismiss (Doc. 9) Plaintiff Todd C. Bank's original complaint (Doc. 1) is DENIED.

SIGNED at Houston, Texas, this 13th day of September, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

802 (M.D. La. 2004).
[3] "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State."