UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TODD C BANK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-4082 |
| | § | |
| SPARK ENERGY HOLDINGS LLC, SPARK | § | |
| ENERGY, LP, and SPARK ENERGY GAS, | § | |
| LP, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced individual and putative class action

under Federal Rule of Civil Procedure 23(a) and (b) pursuant to the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B)[1] and 47 C.F.R. § 64.1200(a)(2), seeking

statutory damages, injunctive relief, attorney's fees, and costs, are two motions: (1) Defendants

Spark Energy Holdings, LLC, Spark Energy, L.P., and Spark Energy Gas, LP's (collectively,

"Spark Energy's") motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (instrument

#36); and (2) Plaintiff Todd C. Bank's ("Plaintiff's" or "Bank's") motion for extension of time to

move for class certification (#41).

## Allegations of the Complaint (#1)

---

[1] Section 227(b)(1)(B)("Restriction on use of automated telephone equipment") provides,

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside
the United States if the recipient is within the United States– . . .

(B) to initiate any telephone call to any residential telephone line using an
artificial or prerecorded voice to deliver a message without prior express consent
of the called party unless the call is initiated for emergency purposes or is
exempted by rule or order by the Commission under paragraph (2)(B).

Plaintiff Todd C. Bank ("Plaintiff" or "Bank"), a lawyer proceeding *pro se*, brings this suit against Spark Energy individually and on behalf of all persons to whose residential telephone lines Defendants have placed one or more calls using an artificial or prerecorded voice that delivered a message advertising the commercial availability or quality of property, goods and services.

Bank alleges that on or about October 4, 2011, without his express invitation or permission, Spark Energy, using an artificial or prerecorded voice, placed the following message to Bank's residential telephone line:

> Hello, this is pertaining to your current electric bill with Con Edison, reference number 42648967.  We are now able to offer you a lower rate on your electricity bill through the recent government deregulation.  Press five to be transferred to our approval department.  To lower your electricity bill and gas bill with Con Edison, press five.  Press five now to be transferred.  Press three if you are not interested in the discount.

Individually, Bank complains only of this one call.  The complaint further asserts that during the Class Period, beginning four years prior to the commencement of this action on November 21, 2011 until the present, Spark Energy placed to at least 10,000 residential telephone lines pre-recorded telephone calls with this same message or one that was materially similar.

The complaint's Prayer for Relief seeks for Plaintiff and the class members statutory damages under 47 U.S.C. 227(b)(3)(B) of $500.00 with interest and/or under 47 U.S.C. § 227(b)(3)(C)[2] up to $1000.00 if Spark Energy's violations were made knowingly or willfully,

---

[2] Section 227(b)(3) provides,

Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

(A) an action based on a violation of this subsection or the regulations prescribed

plus interest; injunctive relief under 47 U.S.C. § 227(b)(3)(A) enjoining Spark Energy from violating 47 U.S.C. § 227(b)(1)(B); costs; and reasonable attorney's fees.

**Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998), *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1988). "Article III, § 2 of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolve the legal rights of litigants in actual controversies."  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013), *quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  For there to be an actual controversy for federal court jurisdiction, the plaintiff must have "a legally cognizable interest, or 'personal stake,' in the

---

under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

In *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747 (2012) the Supreme Court held that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and that this permissive language in § 227(b)(3), authorizing private suits under state law in state court where the state's law allows, does not oust federal courts of federal question jurisdiction.

outcome of the action."  The controversy "'must be extant at all stages of review, not merely at

the time the complaint is filed'"; "[i]f an intervening circumstance deprives the plaintiff" of that

personal stake "at any point during the litigation, the action can no longer proceed and must be

dismissed as moot."  *Id., quoting Arizonans for Official English v. Arizona*, 520 U.S. 43, 67

(1997), and *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).

A Rule 68 offer of judgment providing the plaintiff with complete relief will, as a general

rule, moot the plaintiff's claim because he then no longer has a personal stake in the outcome of

the litigation.  *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n.5 (5th Cir. 2008).

Therefore the court must examine carefully whether the Rule 68 offer does provide complete

relief to the plaintiff.  *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 201 (S.D. Tex. 2011).

Furthermore as a general rule, in a class action when the personal claims of all named plaintiffs

have been satisfied and no class has yet been certified, the putative class action becomes moot

because there is no plaintiff, named or unnamed, that can assert a justiciable claim against a

defendant and thus there is no case or controversy within the scope of Article III of the

Constitution to provide the court with jurisdiction.  *Murray v. Fidelity National Financial, Inc.*,

594 F.3d 419, 421 (5th Cir. 2010).

The Fifth Circuit has ruled that even a rejected Rule 68 offer of judgment that satisfies

the entirety of a plaintiff's claim will usually moot that claim.  *Masters v. Wells Fargo Bank

South Cent.*, N.A., No. A-12-CA-376-SS, 2013 WL 3713492, at *4 (W.D. Tex. July 11, 2013,

*citing Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 & n.5 (5th Cir. 2008), *citing inter alia

Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004)("[U]nder traditional mootness

principles an offer for the entirety of a plaintiff's claim will generally moot the claim."); *Rand v.

Monsanto* Co., 926 F.2d 596, 598 (7th Cir. 1991)("Once the defendant offers to satisfy the

plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake.")(citations omitted).  Recently in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528-29 (2013), the majority of the Supreme Court noted that the Circuit Courts of Appeals are split on this question whether a plaintiff's refusal to accept a Rule 68 offer prevents his TCPA claim from being moot, but stated "'we do not reach this question, or resolve the split, because the issue is not before us.'" *Masters*, 2013 WL 3713492, at *4, *quoting Genesis Healthcare*. Thus this Court will continue to follow Fifth Circuit precedent that holds that a Rule 68 offer that satisfies the entirety of a named plaintiff's claims, where no class has been certified, and where no exceptions apply, both the named plaintiff's claims and the class action become moot:  "As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified.  In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case of controversy' within the meaning of Article III of the Constitution." *Murray v. Fidelity Nat. Fin. Inc.*, 594 F.3d 419, 421 (5th Cir. 2010); *see also Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045, 1036, 1050 (5th Cir. 1981)(Rule 23 class action)("[A] suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has properly been certified," but recognizing a limited exception where the plaintiffs' motion for class certification was pending when the defendants made their Rule 68 offer of judgment because "[a] series of individual suits, each brought by a new named plaintiff could individually be 'picked off' before class certification" and because "the defendants [would] have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class

certification"); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008)(Fair Labor Standard Act ("FLSA") collective action)("[W]hen a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment.  If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot.").

The party asserting that subject matter jurisdiction exists, here Bank, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion.  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned.  *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).  A facial attack happens when a defendant files a Rule 12(b)(1) motion without

accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial

attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, citing*

*Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

      If it is a factual attack, which is the case here, the Court may consider any evidence

(affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of

jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A

defendant making a factual attack on a complaint may provide supporting affidavits, testimony

or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The

plaintiff, to satisfy his burden of proof, may also submit evidence to show by a preponderance of

the evidence that subject matter jurisdiction exists. *Id.* When the court reviews extrinsic

evidence to resolve the Rule 12(b)(1) motion, no presumption of truthfulness attaches to the

plaintiff's allegations, and the court is free to decide the merits of the jurisdictional dispute.

*Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981); *Offiong v. Holder*, 864 F. Supp. 2d

611, 616 & n.4 (S.D. Tex. 2012). The court's consideration of such matters outside the

pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson*

*v. Paulson*, H-06-4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing Garcia*, 104

F.3d at 1261.

**Spark Energy's Motion to Dismiss (#36)**

      Spark Energy argues that this action is moot because it tendered to Bank an offer of

judgment under Federal Rule of Civil Procedure 68,[3] which Bank rejected,[4] but which, if Bank

---

[3] A copy is attached to #36, Declaration of J. Thomas, Ex. A. Rule 68 provides in relevant part,

    **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before
    the date set for trial, a party defendant against a claim may serve an opposing
    party an offer to allow judgment on specified terms, with the costs then accrued.

prevailed, would fully satisfy all of the individual damages to which he would be entitled.  Bank

rejected the offer, but even an unaccepted offer under Fifth Circuit law moots Bank's individual

claims.  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005).  Generally in the Fifth

Circuit "a purported class action becomes moot when the personal claims of all named plaintiffs

are satisfied and no class has been certified."  *Murray v. Fidelity Nat. Fin. Inc.*, 594 F.3d 419,

421 (5th Cir. 2010).  Spark Energy further contends that the two exceptions to the general rule,

i.e., that an uncertified class action continues regardless of the mooting of the named plaintiff's

claim where a motion for class certification is on file[5] or where class certification is "timely" and

"diligently pursued" so that a later class certification would "relate back" to the filing of the

complaint,[6] do not apply here.  Bank has not filed a timely motion to certify and cannot do so

now because the discovery period is over and the pretrial motions deadline has passed.

     Spark Energy argues that in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523

(2013)(FLSA collective action)(holding that a FLSA collective action is not justiciable where the

sole plaintiff's claims are mooted before any other similarly situated plaintiffs opt in to the suit,

and mooting the collective action), the Supreme Court rejected the "relation back" and "picking

---

If, within 14 days after being served, the opposing party serves written notice
accepting the offer, either party may then file the offer and notice of acceptance,
plus proof of service.  The clerk must then enter judgment.

**(b) Unaccepted Offer.**  An unaccepted offer is considered withdrawn, but it does
not preclude a later offer.  Evidence of an unaccepted offer is not admissible
except in a proceeding to determine costs. . . .
**(d) Paying Costs After an Unaccepted Offer.**  If the judgment that the offeree
finally obtains is not more favorable than the unaccepted offer, the offeree must
pay the costs incurred after the offer was made.

[4] Copy of Bank's email rejecting offer is at #36, Declaration of J. Thomas, Ex. B.

[5] *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981).

[6] *Sandoz*, 553 F.3d at 919.

off" arguments as they related to FLSA collective actions; because these same exceptions are applied to Rule 23 actions by the Fifth Circuit, Spark Energy maintains that *Genesis Healthcare* is relevant to this action and makes such arguments meritless.[7]

Spark Energy, observing that Bank individually seeks damages of $1,500, an injunction prohibiting Spark Energy from violating the TCPA, and attorney's fees.  The offer of judgment was for $10,000 in damages and included the injunctive relief he requested, and thus the offer of judgment satisfies all individual damages and injunctive relief sought in the complaint.  Bank's request for attorney's fees is irrelevant because he cannot recover fees as the TCPA does not provide a statutory mechanism for recovery of fees.  47 U.S.C. § 227; *Dennis v. Syndicated Office Sys., Inc.*, No. 09-61345-CIV, 2010 WL 3632478, at *1 (S.D. Fla. Sept. 14, 2010)(TCPA "does not authorize the awarding of fees for such claims.").  Bank would only be entitled to a fee award under Rule 23, but he has not and cannot certify a class.  Furthermore, because he is *pro se*, he cannot recover his fees on either his individual claims or for representing the class action. *Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991)(holding that a *pro se* litigant who is also a lawyer cannot be awarded attorney's fees, even where the statute provides for recovery of fees); *Vaksman v. C.I.R.*, 54 Fed. Appx. 592, No. 02-60062, 2002 WL 31730351, at *3 (5th Cir. 2002)("As a *pro se* litigant, [the petitioner] is not entitled to attorney fees because, quite simply,

---

[7] This Court observes that the Fifth Circuit, noting that *Sandoz*, 553 F.3d at 920, a FLSA collective action case, opined that it was "nevertheless instructive" in the Rule 23 class action context:

> As the *Sandoz* court noted, "the differences between class actions and FLSA § 216(b) collective actions do not compel a different result regarding whether a certification motion can 'relate back' to the filing of the complaint [because] . . . the policies behind applying the 'relation back' principle for Rule 23 class actions apply with equal force to FLSA § 216(b) collective actions."

*Murray*, 595 F.3d at 422 n.2.

he did not actually 'pay' or 'incur' attorney fees."); *Schaunfiedl v. Bank of Am.*, No. 3:12-CV-3859-B, 2013 WL 1846838, at *4 (N.D. Tex. Apr. 24, 2013).

## Plaintiff Bank's Memorandum in Opposition (#38)

Bank argues that the Court should either deny Spark Energy's motion or stay the motion until the Court resolves Bank's pending motion seeking an extension of the discovery deadline.

He maintains that *Genesis Healthcare*, which distinguished between Rule 23 class actions and FLSA collective actions and involved only the latter, does not apply to a Rule 23 class action like the one here.  Thus while *Genesis Healthcare* did abrogate Fifth Circuit law regarding the relation-back doctrine as applied to FLSA collective actions,[8] it did not abrogate well settled Fifth Circuit law holding that a timely Rule 23 class certification motion relates back to the filing of the complaint and therefore bars an offer of judgment made before the class certification motion from mooting the named plaintiff's individual claims.[9]  *Mabary*, 276 F.R.D. at 200-06; *Genesis Healthcare*, 133 S. Ct. at 1529-30 (discussing differences between Rule 23 class actions and FLSA collective actions).  Bank claims that granting his request for an extension of the discovery deadline and thus of the due date for a motion for class certification would invoke the relation-back doctrine and enable him to seek class certification that would relate back to the commencement of this action and prevent dismissal based on Spark Energy's offer of judgment.

## Court's Decision

Both Article III with its "cases and controversies" limitations, requiring a party invoking federal court jurisdiction to have a personal stake in the outcome, or "standing," and the mootness doctrine apply to class actions.  *Dallas Gay Alliance, Inc. v. Dallas County Hospital*

---

[8] *See Sandoz*, 553 F.3d at 919.

[9] This Court questions Bank's argument.  See page 11 and footnote 7 of this Opinion and Order.

*Dist.*, 719 F. Supp. 1380, 1384 (N.D. Tex. 1989).

Under Rule 68, in non-class actions, if an offer of judgment completely satisfies a plaintiff's claims, those claims become moot.  See, e.g., *Sandoz*, 553 F.3d at 915; *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).

In a class action, if a defendant makes a full offer of judgment, completely satisfying all of the named plaintiff's individual claims, then the named plaintiff's case becomes moot. 1 *Newberg on Class Action* § 2:15 (5th ed.), *citing Deposit Guaranty Nat. Bank, Jackson Miss. v. Roper*, 445 U.S. 326 (1980).  The named plaintiff's claims become moot even if the named plaintiff has rejected the offer. *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 201 (S.D. Tex. 2011), *citing Young v. Asset Acceptance, LLC*, Civ. A. No. 3:09-CV-2477-BH, 2011 WL 618274, at *2 (N.D. Tex. Feb. 10, 2011)("when a plaintiff rejects an offer by the defendant of everything he could possibly recover from his lawsuit, his case may be dismissed as moot"), and 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §3533.2 (3d ed. 1998)("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").  *See also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)("Once the defendant offers to satisfy the plaintiff's entire demand there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.").  Moreover, generally "a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has properly been certified."  *Zeidman*, 651 F.2d at 1041 ("In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution.").  "[A] suit brought as a class action  must present justiciable claims at each stage

of the litigation; if the named plaintiffs' individual claims become moot before a class action has been certified, no justiciable claims are at that point before the court and the case as a general rule must be dismissed for mootness."  *Id.* at 1045.

It is also well settled that if this mooting of the named plaintiff's claims occurs ***after*** the court has certified a class, it does not moot the class action.  *Sosna*, 419 U.S. at 399 ("When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [the plaintiff."). Nevertheless in *Sosna* the Supreme Court contemplated that the named plaintiff's claims might become moot before the district court could rule on class certification and commented, "whether the certification can be said to 'relate back' to the filing of the complaint may depend on the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review."  *Id.* at 402 n.11.

In *Gerstein v. Pugh*, 420 U.S. 103, 110 (1975) the Supreme Court faced a case in which the named plaintiffs challenged the constitutionality of pretrial detention procedures, but they were convicted before the high court could rule on the issue.  Establishing an exception to the general rule, the Supreme Court held, "This case belongs . . . to that narrow class of cases in which termination of a class representative's claim does not moot the claims of the unnamed members of the class" because the pretrial period was so short that it was "most unlikely" that any named plaintiff or potential class representative "would be in pretrial custody long enough for a district judge to certify a class."  *Id*. at 110-11 n.11 Thus it found that the named plaintiff's claim was "distinctly 'capable of repetition yet evading review'" and therefore not moot.  *Id.*

When a Rule 68 offer of judgment is made to a named plaintiff while a motion for certification is pending the Fifth Circuit had recognized another possible exception to the general

rule mooting the class action.  Concerned that defendants may "buy-off" representative plaintiffs before classes can be certified,[10] those Circuit Courts of Appeals that have addressed the issue are divided about "whether and under what circumstances a defendant's unaccepted offer of judgment, *prior* to a decision on class certification, also moots the class action"; thus there has been uncertainty about the jurisdictional effect of such offers of judgment at this stage of the proceedings.  1 *Newberg on Class Actions* §2:15 (5th ed. database updated September 2013). The Third, Fifth, Ninth and Tenth Circuits have determined that *if there is no undue delay* in the filing of a motion for class certification, a Rule 68 offer of judgment made ***prior*** to the named plaintiff's filing of a motion for class certification would not moot the class action even after an offer of complete relief to the named plaintiff, but that the class action would "relate back" to the filing of the class action complaint.  *Weiss v. Regal Collections*, 385 F.3d 337, 348 (2004)("Absent undue delay in filing a motion for class certification, . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint."); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1051 (1981)("We conclude that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, ***there is pending before the district court a timely filed and diligently pursued motion for class action*** [emphasis added by this Court]."),[11] and *Sandoz*, 553 F.3d at 920-21 ("The proper course,

---

[10] As noted on page 11 and in footnote 7 and p, 13 and footnote 9, *Genesis Healthcare* rejected the "picking off" argument to support a relation back argument and raises questions about its applicability here. *See also* p.  Because, as will be discussed, it does not apply to the facts here, the Court need not decide its merit.

[11] In *Zeidman*, 651 F.2d at 1036, the defendant made an offer of judgment for the full amount of the named plaintiffs' claims after a motion for class certification was filed.  The district court dismissed the entire case for mootness.  On appeal, although it found that the claims were not the

therefore, is to hold that when a [FLSA] plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment.")(*citing Weiss*, 385 F.3d at 348); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50. *See also* 1 Newburg on Class Action § 2:15 (5th ed.). *But see Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III.  That the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court.  Even when a 'complaint clearly and in great detail describes the suit as a class action suit,' if the plaintiff does not seek class certification, then 'dismissal of the plaintiff's claim terminates the suit.'"; "A simple solution to the buy-off problem [is that] [c]lass-action

---

kind of "transitory" claim usually found in a "capable of repetition, yet evading review" exception, the Fifth Circuit used the same reasoning in situations where

> the defendants have the ability to tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification. By tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action, the defendants can in each successive case moot the named plaintiffs' claims before a decision on class certification is reached.  A series of individual suits, each brought by a new named plaintiff, could  individually be "picked off" before class certification; as a practical matter, therefore, a decision on class certification could, by tender to successive named plaintiffs, be made just as difficult to procure in a case like the one now before us as it was in Gerstein . . .

*Id.* at 1050.  As noted in the text, it concluded "that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiff of their personal claims, at least when . . . there is pending before the district court a timely filed and diligently pursed motion for class certification."  *Id.* at 1051.  The Fifth Circuit reversed and remanded the suit to allow the district court to rule on the motion for class certification.  *See discussion in Murray*, 594 F.3d at 420.

plaintiffs can move to certify the class at the same time they file their complaint."), *quoting Turek v. General Mills, Inc.* 662 F.3d 423, 424 (7th Cir. 2011).

When courts apply the "relation back" doctrine the Fifth Circuit has indicated that it should apply "only in those cases in which the controversy is so transitory that no single named plaintiff could maintain a justiciable claim long enough to reach the class certification stage of the litigation." *Zeidman*, 651 F.2d at 1047 ("Controversies which are so transitory that no class can be certified before the claims of the original plaintiffs become moot are in effect 'capable of repetition, yet evading review,' . . . .")(*citing Sosna*, 419 U.S. at 401).

In the instant case, initially filed as a class action on November 21, 2011, there is still not only no motion for class certification yet on file, but only after Defendant made its Rule 68 offer of judgment on May 10, 2013 (approximately 18 months after commencement of this suit), which Bank rejected, and filed the instant motion to dismiss on June 28, 2013, based on the clear *absence* of a timely filed and diligently pursued motion for class certification, did Bank finally file on September 3, 2013 a motion, and then it was only for extension of time until October 15, 2013 to file a motion for class certification.

Bank does not dispute that Spark Energy's Rule 68 offer provides full satisfaction of Bank's individual claim.  Instead he seeks to apply the Fifth Circuit's  exception to the general rule that an unaccepted Rule 68 offer of judgment fully satisfying a claim will moot the named plaintiffs' individual claims as well as the proposed class action when no class has been certified. *Murray*, 594 F.3d at 421 ("In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution.").  Specifically Bank argues that the exception recognized in *Zeidman* 651 F.2d at 1036, 1050, analogizing the logic

underlying the "capable of repetition but evading review" for "transitory claims" to cases where defendants tender a Rule 68 offer of judgment to each named plaintiff and thus prematurely moot his claim, effectively precluding any plaintiff in the class from procuring a decision on class certification.  The panel concluded "that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims," but qualified that statement, "at least when . . . there is pending before the district court a timely filed and diligently pursued motion for class certification."  *Id.* at 1051. In *Sandoz*, 553 F.3d 913, as recognized in *Murray*, the panel extended the reasoning of *Zeidman* to an FSLA case.  *Murray*, 994 F.3d at  422.  Concerned that this general rule "would provide an incentive for employers to use Rule 68 as a sword, 'picking off' representative plaintiffs and avoiding ever having to face a collective action, *Sandoz* found that the "relation back doctrine provides a mechanism to avoid this anomaly" and "ensures that plaintiffs can reach the certification stage" regardless of whether the case was a Rule 23 class action or a FLSA § 216(b) collective action.  *Sandoz*, 553 F.3d at 919-20.  Nevertheless the appellate panel did put some restrictions on application of the relation back doctrine:  "[W]hen a FLSA plaintiff files a *timely* motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment."  *Id.* at 920-21.  Nevertheless, as pointed out by Judge Ellison in *Mabary*, 276 F.R.D. at 203, it was significant that in *Sandoz*, the defendant "made its Rule 68 offer of judgment approximately a month after receiving the complaint and before the plaintiff had an opportunity to move for certification of her collective action.  In fact, the plaintiff [in *Mabary*] did not file her motion to certify until approximately nine months after the defendant's offer of judgment.".

First the Court finds that even if the Fifth Circuit's exception based on a defendant's

"picking off" named plaintiffs before a class can be certified is cognizable in Rule 23 class action suits, there is no evidence to support any concern here about "picking off" or "buying out" Bank before class certification can be addressed, given the length of this litigation and the fact that Spark Energy waited eighteen months to make its Rule 68 offer of judgment.  Bank never moved for class certification during that period.  Nor is Bank's single telephone call an "inherently transitory" claim.  It has not attempted to evade review, nor would it been able to evade review had Bank made any reasonable attempt to preserve his putative class action by filing an appropriate, timely, and protective certification motion.  Spark Energy further points out that Bank has yet to identify a single class member, and Bank has not responded to that challenge. #36 at p. 11.

Moreover there is no rule that a class action must await the close of discovery to be filed, particularly under the circumstances here, where Bank has been liberally granted extensions of deadlines by the Court and still delayed pursuing  class certification; now it is obviously too late as a class action for this case to be ready for its trial date at the beginning of November, 2012, since the certification still has not been sought, not to mention the time necessary for notice to the class and a certification analysis.

Under the original docket control schedule (#16, entered on March 8, 2013, the discovery deadline was November 15, 2012 and the motion deadline December 5, 2012 with docket call set on February 22, 2013.  Although on January 25, 2012 Spark Energy filed a motion to dismiss arguing that under New York law no class action under the TCPA could be maintained, it was denied on September 13, 2012 (#26) based on *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 747 (2012)(holding that federal courts and state courts have concurrent jurisdiction over private suits arising under the TCPA), with this Court finding that it has federal question jurisdiction and

would apply federal law.  Also on September 13, 2012 Bank served Spark Energy with Amended Requests for Production of Documents, Amended Interrogatories, and Amended Requests of Admission.  After the parties filed a stipulation, on November 14, 2012 the Court entered an amended scheduling order (#29), extending the discovery deadline to May 31, 2013 and the motion deadline to June 28, 2013, and reset the docket call date to November 1, 2013.

On December 4, 2012, Bank filed a motion to compel (#30).  In response (#32), Spark Energy stated that it had repeatedly told Bank that it had not made nor authorized anyone else to make the telephone calls alleged in the class action complaint, that it did not know who did make them, that it could not provide information and documents that it did not have, and that it did not have the information and documents that Bank sought.  Spark Energy also objected that Bank's overbroad definitions of "Defendants" and "Telephone Calls" because they improperly required discovery from not only the named Spark Energy entities, but third parties unknown to Spark Energy.  The request for admissions similarly targeted unknown third parties which Spark Energy could not admit or deny.  Spark Energy also challenged the scope and time as overbroad and unduly burdensome because Bank's requests embraced everywhere in the United States for the four years before Bank filed his suit, regardless of whether the calls were made by the same person or had any similarity to the call Bank received.  It further explained that it has responded twice to the twenty-five interrogatories in  Plaintiff's First Set of Interrogatories and, despite Spark energy's good faith efforts to work with Bank, complained that Bank had not identified any specific information that he claimed was missing from Spark Energy's answers.  Magistrate Judge France Stacy denied Bank's motion to compel in its entirety on January 26, 2013 (#33).

On March 4, 2013, Bank served Amended Requests for Production of Documents, Amended Interrogatories, and Amended Requests for Admissions on each of the Spark Energy

entities.  Defendants served their responses on April 22, 1013.  Bank inexplicably waited until June 28, 2012, the next to the last day of the motion deadline after all the other deadlines, including discovery, had passed, to file his second motion to compel (#34), this time seeking amended answers to his Amended Requests for Admission, Interrogatories, and Requests for Production of Documents.  He further requested an extension of the deadline for completion of discovery from May 31, 2012 to August 20, 2013 and leave to serve as additional Interrogatories (beyond twenty-five) numbers 3-12 of his Amended Interrogatories.  The motion was referred to United States Magistrate Judge Stacy for resolution.

In response (#39), Spark Energy first pointed out in light of its offer of judgment and its motion to dismiss, Bank's claims are moot and the Court lacks subject matter jurisdiction.  Because its motion to dismiss raises jurisdictional issues, it argued that it should be resolved before the Court enters any order on Bank's motion to compel.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  If the Court chose to review the motion to compel, Spark Energy highlighted the expired deadlines for discovery and expert witnesses, arguing that it should not have to answer more than the 25 interrogatories propounded and that Bank should not be given more time for discovery.  It again objected that Bank's definitions were overbroad and that its discovery requests were not reasonably limited in scope and time, and that Spark Energy did not have any documents or information that it has not already produced.

Because she was probably unaware of the jurisdictional issue, inasmuch as Spark Energy's motion to dismiss was not referred to her, [12] Judge Stacy, on August 27, 2013, granted Bank's request for leave to serve more than twenty-five interrogatories on Defendants, including Amended Interrogatory Nos. 3-25, within twenty-five days.  Judge Stacy denied all his other

---

[12] Nor had this Court yet reviewed the motion to dismiss.

requests for the same reasons she had denied his earlier motion to compel:

> Defendants' response to Request for Admission No. 3 is sufficient under Fed. R. Civ. P. 36(a)(4)(5).   Finally, with respect to the Amended Requests for Production, because Defendants have made it clear that they have not withheld any documents based on their objections to Plaintiff's definition of "Defendants," "Telephone Call," or "on behalf of," Defendants['] responses to the Amended Request for production are sufficient.  Defendants' continued, general objections to Plaintiff['s] amended definition of "Defendants," Plaintiff['s] definitions of "Telephone Call," "on behalf of," and the time frame and geographic scope of the requests are, however, all overruled.  Given the leave, granted herein, for the additional interrogatories, and Plaintiff's failure to articulate what additional discovery he needs, Plaintiff['s] request for an extension of the discovery deadline is denied.

#40, issued on August 27, 2013, granting in part, denying in part.  There was no request for, nor mention of an extension of time, to move for class certification.

Even then Bank still waited until September 3, 2013 to file not a motion for certification, but a motion for an extension of time to move for class certification, without showing good cause or identifying what it would contain, in other words, merely seeking further delay.  Moreover in that motion for extension he made a number of misrepresentations and deceptive arguments for such an extension.  Despite the fact that Judge Stacy's order of August 27, 2013 expressly and unambiguously states that Bank's "request for an extension of the discovery deadline is denied," he argues that because she granted him leave to serve more than twenty-five interrogatories and wrote, "Defendants shall have twenty-one (21) days from the date this Order is entered" to answer them, that "the discovery period was, in fact, extended" until September 17, 2013.  He also claims that the Scheduling Order (#29) provided that Bank's motion for class certification was to be filed exactly four weeks following the end of discovery, i.e., June 28, 2013.  It did not. Instead it sets the deadline for both dispositive and non-dispositive motions on June 28, 2013 and said nothing about a motion for class certification.  Building on his misrepresentation, he further contends, "Therefore, given that the discovery end date is now September 17, 2013, the date by

which Bank is required to move for class certification should be four weeks thereafter, i.e., October 15, 2013." He points out that in his response in opposition (#37) to Spark Energy's second motion to dismiss, he asserted that "the granting of Bank's pending request [in his second motion to compel] for an extension of the discovery deadline, and thus an extension of the due date for a motion for class certification, would invoke the relation-back doctrine, and thereby enable [Bank] to seek class certification, which would relate back to the commencement of this action and would therefore preclude dismissal based on Spark Energy's offer of judgment." #38 at pp. 9-10. His argument is contrary to the content of the orders in this case, which speak for themselves.

Furthermore because Spark Energy's Rule 68 offer of judgment was made on May 10, 2013 and because he did not affirmatively accept it within fourteen days, it was legally rejected at that point by terms of Rule 68. Because Bank has not filed a motion for class certification, and because Bank had not objected and still does not object that Spark Energy's offer of judgment did not cover the entirety of his claims, under the Fifth Circuit's general rule by May 24, 2013 no case or controversy remained to invoke this Court's jurisdiction under Article III, either with respect to his or the putative class members' claims. That deadline is reinforced by Spark Energy's motion to dismiss filed on June 28, 2013 clearly raising the jurisdictional issue.

Bank did not file a motion for class certification at all, no less an untimely one, nor, as the record evidences, has he diligently pursued certification. As for exceptions to the general rule that might save his individual and his class action, the problem here is not that the claims asserted in the Class action complaint were too transitory to survive or that Select Energy was attempting to pick off or buy off Bank or class members before the issue of certification could be reached. Bank, even though he is a licensed attorney presumably competent to research the law

in this Circuit, did not pursue class certification for almost two years, despite (1) Rule 23's requirement that the issue be addressed and certification be determined "as early as practicable" and (2) Select Energy's motion to dismiss fully argued the well-established interaction of the mootness doctrine, Rule 68, and class actions.

For these reasons the Court concludes that the Fifth Circuit's general rule (a Rule 68 offer that satisfies the entirety of a named plaintiff's claims, where no motion for certification has been filed and no class has been certified, and where no exceptions apply, even if the plaintiff rejects the offer both the named plaintiff's claims and the class action become moot)[13] applies, that Spark Energy's offer of judgment moots his and the putative class's claims, and that dismissal of this suit is appropriate.  Accordingly, the Court

ORDERS that Spark Energy's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (instrument #36) is GRANTED as to the whole action.  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Because the Court now concludes that it had no jurisdiction under Article III, fourteen days after the offer of judgment was made, Judge Stacy's order of August 27, 2013 is null, and Bank's motion for extension of time to move for class certification (#41) is MOOT.  The Court further

ORDERS that Defendants Spark Energy Holdings, LLC, Spark Energy, LP, and Spark Energy Gas, LP provide the Court with a proposed Final Judgment, pursuant to Rule 68.

SIGNED at Houston, Texas, this 18th day of October, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[13] *Sandoz*, 553 F.3d at 921 & n.5.